### *T. H. COFFEY et al. v. M. G. SHULER.

*Married Woman—Charge on Separate Estate—Promise to Pay Debt of Another.*

1. Where a married woman promised her husband, in his last sickness, in the presence of his creditor, that she would pay the debt out of moneys received from insurance on his life in her favor, and the creditor, in consideration of such promise, forebore enforcement of his demand: *Held*, that such promise was substantially and in effect a promise to the creditor to pay the debt of her husband, and cannot be enforced against the separate personal estate of the defendant, as it was not in writing, was not made with the written assent of her husband and did not charge such personal estate.

2. If the promise should be conceded to have been made to the husband, the creditor, not being a party to the contract, could not sue upon it.

CIVIL ACTION, heard on complaint and demurrer, at Spring Term, 1892, of CALDWELL Superior Court, before *Graves, J.*

The complaint alleged in substance that plaintiffs were partners in mercantile business under the name of Coffey & Whidby, and as such deposited in a bank of exchange and deposit established, owned and operated by one D. W.

---

*BURWELL, J., having been of counsel, did not sit on the hearing of this case.

Shuler, at Hickory, N. C., the sum of $1,275, for which they received a certificate of deposit redeemable on demand; that about August, 1890, on account of rumors affecting the credit of said bank, plaintiffs became alarmed about the safety of their deposit and one of them, F. H. Coffey, visited Hickory and learning that Shuler was confined to his bed, went to his residence, where he was received by the defendant, the wife of Shuler, to whom he stated the object of his visit to be the getting some money from the bank; that he was admitted to Shuler's room, who told him, in the presence of defendant, that he was sorry that he could not let him have some money that day, that the safe was locked and the clerk did not know its combination, but added: "You shall have every dollar of your money," and then, addressing his wife, said: "You know that I have $43,000 of insurance on my life, and I want you now to promise that you will when you receive that money pay out of it Mr. Coffey's money"; that to this request of her husband the defendant at once replied that she would do so, telling him not to worry about it, the money should be paid; that shortly after the interview Shuler died, having made an assignment of all his property for the benefit of his creditors; that the defendant received from insurance companies $43,000 and immediately left the State and became a resident of another State. Plaintiffs prayed that the transaction might be declared an assignment of said sum derived from the policies of insurance or that it might be adjudged to be a declaration of a trust for their benefit or a charge upon the sum received to the amount of their debt.

Defendant demurred to the complaint on the following grounds:

The complaint does not state facts sufficient to constitute a cause of action against her for the following reasons:

*First.* It is not therein alleged that the defendant promised the plaintiffs, or any one of them, that she would pay the debt alleged to be due from her husband, D. W. Shuler, to them, the allegation of the complaint being that the pretended promise of defendant was made, not to plaintiffs, but to her husband.

*Second.* It is not alleged that the promise of the defendant, upon which this action was founded, was in writing, or that any memorandum thereof was made in writing and signed by the defendant, but, on the contrary, it is alleged that the promise was oral, and therefore one upon which no action can be had in the courts of this State against the defendant.

*Third.* It is not alleged that the pretended promise, to whomsoever made, was made for a valuable consideration.

*Fourth.* It is alleged in the complaint that, at the time of the transactions therein set out, and upon which this action is founded, the defendant was a *feme covert,* and it is not alleged that the said contract or promise was made by her for such consideration, or with such assent of her husband, as to make what was said and done by her on the occasion referred to, as set out in the complaint, a contract binding upon her or her estate, real or personal, but, on the contrary, the facts alleged created no obligation on her part, and do not entitle the plaintiffs to relief they ask in this suit, or to any other relief against this defendant.

From the judgment sustaining the demurrer the plaintiffs appealed.

*Messrs. G. N. Folk* and *E. Jones,* for plaintiffs (appellants).
*Mr. P. D. Walker,* for defendant.

SHEPHERD, C. J.: If the oral promise alleged in the complaint was made by the defendant to the plaintiffs it is

plain that it cannot be enforced against the separate personal estate of the defendant, as it is not in writing, is without the written consent of the husband and does not charge such separate estate. *Flaum* v. *Wallace*, 103 N. C., 296. In order to avoid this difficulty it is insisted that the promise was made to the husband, and therefore the principles laid down in Flaum's case do not apply, and that she can charge, in favor of her husband, a large part of the capital of her personal estate without any formality whatever. .By no means admitting such a proposition, but conceding it for the purposes of the argument, we are nevertheless unable to see how the plaintiffs can recover. If, as contended, the promise was made by the wife to the husband, it is well settled that the plaintiffs, if they are not parties to the contract, cannot sue upon it. *Morehead* v. *Wriston*, 73 N. C., 398; Brown on Actions, 99; Pollock on Contracts, 191. This would seem to put an end to the plaintiffs' action, but granting that under the Code of Civil Procedure the action may be maintained by the real parties in interest, which in this case it is claimed are the plaintiffs, for whose benefit it is alleged the contract was made, we must still deny their right to recover.

If, as insisted, the plaintiffs can sue, it is because they are substantially the parties interested in the contract, and as they were present at the time of the promise and impliedly assented to the same, and as they claim that their alleged forbearance constituted the consideration (there really being none moving from the husband), we cannot but regard it, at least in an action of this nature, as substantially an agreement between the plaintiffs and the defendant, and therefore within the case of *Flaum* v. *Wallace, supra*.

Entertaining these views, it is unnecessary to discuss the other interesting questions raised by the learned counsel.

Affirmed.